IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD D. HUGHEY II,<br>AND LAURA M. HUGHEY,<br><br>        Plaintiffs,<br><br>  vs.<br><br>WELLS FARGO & CO. et al.,<br><br>        Defendants.<br>_____/ | No. CIV S-09-0723 GEB EFB PS<br><br>ORDER AND FINDINGS<br>AND RECOMMENDATIONS |

On June 16, 2009, plaintiffs, proceeding pro se, filed a motion for temporary restraining order and a request that the court set for hearing plaintiffs' motion for preliminary injunction. For the reasons that follow, this court recommends that plaintiffs' motion for temporary restraining order be denied, and that plaintiffs' motion for preliminary injunction be heard on an expedited briefing schedule and in tandem with defendants' pending motions to dismiss on July 8, 2009.

This quiet title action, initiated by plaintiffs in Placer County Superior Court on February 2, 2009, was removed to this court on March 16, 2009. The action was referred to the undersigned by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1). Apart from plaintiffs' motions, three motions to dismiss have been filed by the defendants and are scheduled for hearing on July 8, 2009. As discussed below, the court will hear plaintiffs' motion for

preliminary injunction in conjunction with the hearing on the motions to dismiss.

Plaintiffs' request for a temporary restraining order fails to comply with the provisions of Local Rule 65-231. While the request has been served on counsel for defendants, plaintiffs have failed to provide an affidavit, or any explicit statement, in support of their assertion that they face irreparable injury. Plaintiffs seek to "prohibit[] said Defendants from taking any action against the Plaintiff and any other party taking any action against the subject property." Pls.' Mot. at p. 3. The subject property is plaintiffs' residence, upon which defendants Wells Fargo and CitiMortgage noticed mortgage defaults in September 2008. Compl., at p. 5 (Dckt. No. 1, at p. 11). While it is clear that plaintiffs seek to avoid foreclosure, neither the complaint nor the instant motion for injunctive relief identify post-default notices or proceedings, or any impending deadlines. Plaintiffs' conclusory statements they face irreparable injury do not demonstrate the requisite threat of immediate harm. Absent such information, plaintiffs have failed to demonstrate that "immediate and irreparable injury, loss, or damage will result" if a temporary restraining order is not granted. *See* Fed. R. Civ. P. 65(b)(1). Accordingly, plaintiffs' motion for a temporary restraining order must be denied.

The court will nonetheless consider plaintiffs' motion for preliminary injunction at the July 8, 2009, hearing on defendants' motions to dismiss, pursuant to the briefing schedule set forth below. Plaintiffs are informed that "[t]o obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." *Apple Computer, Inc. v. Formula Intern. Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). In the absence of a showing there exists a significant threat of irreparable harm there is no basis for

granting a preliminary injunction. *Id.*

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for preliminary injunction is scheduled for hearing on July 8, 2009, at 10:00 a.m., in Courtroom No. 25, and will be heard in conjunction with defendants' motions to dismiss.

2. Defendants shall file their oppositions, or statements of non-opposition, to plaintiffs' motion for preliminary injunction, on or before June 26, 2009; plaintiffs may file their reply on or before July 3, 2009.

Further, IT IS HEREBY RECOMMENDED that plaintiffs' motion for temporary restraining order be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE