IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD D. HUGHEY II,
and LAURA M. HUGHEY,

      Plaintiffs,              No. CIV S-09-0723 GEB EFB PS

    vs.

WELLS FARGO & CO., et al.,

      Defendants.          FINDINGS AND RECOMMENDATIONS

/

      Presently pending for decision are the motions to dismiss plaintiffs' complaint (or for more definite statement) filed by defendants Wells Fargo Bank NA and John Stumpf, Dckt. Nos. 9 and 10, First American Title Insurance Company and Gary L. Kermott, Dckt. No. 12, and Citi Mortgage, Citigroup and Vikram Pandit, Dckt. No. 18. These matters were submitted for decision on the papers by order filed July 6, 2009. Dckt. No. 42.

      Also pending are plaintiffs' motion for a preliminary injunction.[1] Dckt. No. 22. This matter was also submitted for decision on the papers on July 6, 2009, Dckt. No. 42, following the court's findings and recommendations recommending that plaintiffs' simultaneously filed motion for a temporary restraining order be denied. Dckt. No. 24.

---

[1] The electronic docket erroneously identifies the motion as requesting a permanent injunction, but the motion itself requests a preliminary injunction.

1

For the following reasons, the court recommends that this case be dismissed with prejudice.

BACKGROUND

In the instant action, plaintiffs Clifford and Laura Hughey challenge the foreclosure of their home. The complaint contains several causes of action, but the underlying theme is that the United States has been in bankruptcy since 1933, thus Federal Reserve notes have no intrinsic value. Compl. at 6-7. Plaintiffs used their home to secure a $379,000 mortgage on the home and later a $250,000 second mortgage. *Id*. at 5. Plaintiffs maintain that because Federal Reserve notes are worthless, they received no consideration in exchange for using the home to secure the loans, thus the loans should be cancelled. *Id*. at 6. Plaintiffs also allege a Racketeer Influenced and Corrupt Organizations Act ("RICO") violation. *Id*. at 18-19. Defendants move to dismiss the entire complaint for failure to state a claim.

The court notes that substantially similar complaints were filed in *Nycole Ostrander v. HSBC Bank USA,* CIV S-09-1255 JAM EFB, *Beverly Ostrander v. Fremont Reorganizing Corporation*, CIV S-09-1392 MCE KJM, *Michael William Ostrander v. Mortgage Electronic Registration Systems, Inc.,* CIV S-09-0099 JAM KJM and *Khangura v. American Mortgage Express*, CIV S-09-0720, LKK JFM.[2] All of these cases were dismissed for the same reasons discussed below.

LEGAL STANDARD

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

cognizable right of action." *Id.*, quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987).

////

DISCUSSION

The gravamen of the complaint is that Federal Reserve notes have no value thus plaintiffs received no consideration in exchange for using their home to secure several loans. Compl. at 6-7. Plaintiffs contend the loans should be voided as the money they received was worthless. *Id*. at 6, 21.

The theory underlying the complaint is untenable, frivolous and must be rejected outright. Plaintiffs' claims and other similar theories, have been repeatedly dismissed by the courts as baseless and insufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*, *e.g.*, *United States v. Condo*, 741 F. 2d 238, 239 (9th Cir. 1984) (theory that federal reserve notes are not valid currency is frivolous); *Foret v. Wilson*, 725 F.2d 254, 254-55 (5th Cir. 1984) (argument, that gold and silver is the only legal tender in United States, is hopeless and frivolous); *Beaner v. United States*, 361 F. Supp.2d 1063, 1067-69 (D.S.D. 2005) (granting defendants' motion to dismiss plaintiffs' claim that their mortgage was void because they did not receive legal tender of gold or silver and ordering plaintiffs to pay sanctions for making frivolous arguments); *Rene v. Citibank, N.A.*, 32 F. Supp.2d 539, 544-45 (E.D.N.Y. 1999) (dismissing the defaulting plaintiff's attempt to rescind a home loan based on its allegation that the lender had provided "illegal tender"); *Nixon v. Indiv. Head of Saint Joseph Mortgage Co.*, 615 F. Supp. 898, 899-901 (N.D. Ind. 1985) (dismissing the plaintiff's case to rescind his home loan based on plaintiff's argument that the loan was not backed by legal money and noting that his "arguments and claims [were] absurd" and "smack[ed] of bad faith"); *Tuttle v. Chase Home Finance, LLC*, 2008 WL 4919263, *3-4 (D. Utah Nov. 17, 2008); *Sneed v. Chase Home Finance, LLC*, 2007 WL 1851674, at *3-4 (S.D. Cal. June 27, 2007); *Carrington v. Federal Nat'l Mortgage Assoc.*, 2005 WL 3216226, at *2-3 (E.D. Mich. Nov. 29, 2005).

The complaint is based on theories that have been rejected by courts around the country and have no basis in the law. It is evident that at the time plaintiffs accepted the first and second mortgages they did not have the same intense belief that Federal Reserve notes were worthless

4

and the United States was bankrupt, and instead accepted the loans and enjoyed use of the "worthless money" since 2004.

Plaintiffs also attempt to argue a RICO violation. The elements of a civil RICO claim include: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). Plaintiffs must allege that defendants committed at least two of the enumerated predicate acts to establish a RICO violation. *See* 18 U.S.C. § 1961(5).

Plaintiffs' RICO claim fails because they do not identify any substantive violation of RICO or describe the predicate acts upon which the RICO claim is based. The act plaintiffs describe was an ordinary loan transaction, thus plaintiffs' RICO claim must be dismissed.

Even if all the allegations as to all of the claims in the complaint were accepted as true and were construed in the light most favorable to plaintiffs, the complaint fails to state a claim for relief that is plausible on its face. Moreover, the court cannot discern any manner by which plaintiffs could cure the defects discussed above. It would be futile to grant plaintiffs leave to amend, thus the complaint should be dismissed with prejudice.

<u>Preliminary Injunction</u>

As the court is recommending that the complaint be dismissed with prejudice, plaintiffs' request for a preliminary injunction should therefore be denied.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss, Dckt. Nos. 9, 12, 18, be granted with prejudice and the Clerk be directed to close the case.

2. Plaintiffs' motion for a preliminary injunction, Dckt. No. 22, be denied.

3. Defendant's motion for a more definite statement, Dckt. No. 10, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

1  after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
4  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
5  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: January 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE